UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| Stephanie Chisholm,<br>*on behalf of herself and all others similarly situated,*<br>                                        Plaintiff,<br>                          -v-<br><br>CIOX Health, LLC,<br><br>                                        Defendant. | Civ. Action #:<br><br>**Complaint**<br>**(Collective and Class Action)**<br><br>Date Filed:<br><br>Jury Trial Demanded |

Plaintiff Stephanie Chisholm ("Plaintiff" or "Chisholm"), on behalf of herself and all others similarly situated, by Abdul Hassan Law Group, PLLC, her attorney, complaining of Defendant CIOX Health, LLC ("Defendant"), respectfully alleges as follows:

### NATURE OF THE ACTION

1. Plaintiff alleges, that she was employed by Defendant and pursuant to the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 216 (b), she is: (i) entitled to unpaid overtime wages from Defendant for working more than forty hours in a week and not being paid an overtime rate of at least 1.5 times her regular rate for each and all such hours over forty in a week; and (ii) entitled to maximum liquidated damages and attorneys' fees pursuant to the Fair Labor Standards Act, 29 U.S.C. § 201 et seq. including 29 U.S.C. § 216(b).

2. Plaintiff further complains pursuant to New York Labor Law, that she is: (i) entitled to unpaid overtime wages from Defendant for working more than forty hours in a week and not being paid an overtime rate of at least 1.5 times her regular rate for such hours over forty in a week; and (ii) entitled to maximum liquidated damages and attorneys' fees, pursuant to the New York Minimum Wage Act ("NYMWA"), N.Y. Lab. Law §§ 650 et seq., including NYLL § 663, and the regulations thereunder.

3. Plaintiff further complains on behalf of himself and a class of other similarly situated current and former manual workers employed by Defendant, pursuant to the Fed. R. Civ. Proc. 23, that she and they are entitled to: (i) maximum liquidated damages and interest for being paid wages later than weekly, in violation of NYLL § 191 including NYLL § 191(1)(a(i), plus costs and legal fees pursuant to NYLL § 198.

4. Plaintiff is also entitled to recover her unpaid wages, severance pay, under Article 6 of the New York Labor Law including Section 191, 193, 198, 198-c, and maximum compensation for not receiving notices and statements required by NYLL 195, under Article 6 of the New York Labor Law and is also entitled to maximum liquidated damages – including liquidated damages on all wages paid later than weekly, interest, and attorneys' fees pursuant to Section 198 of the New York Labor Law.

## JURISDICTION AND VENUE

5. This Court has subject matter jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1337 and supplemental jurisdiction over Plaintiff's state law claims pursuant to 28 U.S.C. § 1367. In addition, the Court has jurisdiction over Plaintiff's claim under the Fair Labor Standards Act pursuant to 29 U.S.C. § 216 (b).

6. Venue is proper in the Southern District of New York pursuant to 28 U.S.C. § 1391(b) and 29 U.S.C. § 216 (b).

7. This Court is empowered to issue a declaratory judgment pursuant to 28 U.S.C. §§ 2201 2202.

## THE PARTIES

8. At all times relevant herein, Plaintiff Stepanie Chisholm ("Plaintiff" or "Chisholm") was an adult, over eighteen years old, who resides in Westchester County in the State of New York.

9. At all times relevant herein, Defendant CIOX Health, LLC ("CIOX") was a limited liability company.

10. At all times relevant herein, Defendant controlled the employment of Plaintiff and was responsible for hiring, firing, scheduling, controlling, managing, supervising, and record-keeping as to Plaintiff's employment, among other employment functions, and performed such functions as to Plaintiff.

11. Upon information and belief and at all times relevant herein, Defendant CIOX operated places of business in Westchester County, New York including located at 100 Woods Rd, Valhalla, NY 10595, where Plaintiff was employed.

12. At all times relevant herein, Plaintiff was employed by Defendant.

## STATEMENT OF FACTS

13. Upon information and belief, and at all relevant times herein, Defendant was a healthcare data management company in the business of storage, processing, handling, retrieval and delivery of medical records.

14. Upon information and belief, and at all relevant times herein, Defendant owned many locations and employed over 50 employees and a total of about 200 employees during the class period in New York.

15. Plaintiff was employed by Defendant from on or about July 12, 2021 to on or about September 21, 2023.

16. At all times relevant herein, Defendant employed Plaintiff as a records clerk performing a variety of manual and physical duties such as scanning, packing, lifting, sorting, medical records as well as handling and shipping packages, etc., throughout her workday with Defendant – the putative class members performed the same or similar manual work.

17. At all times relevant herein, Plaintiff was an hourly employee of Defendant and her last hourly rate of pay was $20.00 an hour.

18. At all times relevant herein, Plaintiff worked about 45-56 or more hours each week; 5-6 days each week for Defendant, with the exception of 2-3 weeks each year.

19. At all times relevant herein, Defendant had a policy and practice of improperly deducting about 30 minutes or more each day from Plaintiff's work time. However, due to the demands of her job, Plaintiff did not receive a "bona fide" meal break within the meaning of the FLSA and NYLL.  29 C.F.R. § 785.18; 29 C.F.R. § 785.19. As a result, Plaintiff is owed overtime wages for about 2.5 overtime hours worked each week during her employment with

3

Defendant - with the exception of 2 weeks each year, which she seeks to recover with this action and for which she was not paid any wages.

20. In addition, Plaintiff was required to pay certain expenses in the performance of her work for Defendant during the period of her employment. However, although Defendant reimbursed Plaintiff for some of these costs and expenses incurred for Defendant's work, Defendant failed to reimburse Plaintiff for about at least $350 or more which constitutes an unlawful deduction under the FLSA and NYLL including NYLL § 193.

21. A more precise statement of the hours and wages may be made when Plaintiff obtains the wage and time records Defendant was required to keep under the FLSA and NYLL. *Accurate* copies of Plaintiff's wage and time records that Defendant was required to keep pursuant to 29 USC § 211, 29 CFR § 516 and NYLL § 195, 12 NYCRR §142, are incorporated herein by reference.

22. At all times relevant herein and for the time Plaintiff was employed by Defendant, Defendant failed and willfully failed to pay Plaintiff an overtime rate of at least 1.5 times her regular rate of pay for each and all hours worked in excess of forty hours each week during her employment with Defendant.

23. At all times relevant herein and for approximately 4 to 6 months of her employment with Defendant, Defendant paid Plaintiff later than weekly - on a bi-weekly basis in violation of NYLL § 191 (1)(a)(i). See i.e. *Vega v. CM & Assocs. Constr. Mgmt., LLC*, 175 A.D.3d 1144, 107 N.Y.S.3d 286 (1st Dep't, 2019).

24. The manual worker violations complained of herein were also suffered by the putative class members.

25. At all times relevant herein, Defendant did not provide Plaintiff with the notice(s) required by NYLL § 195(1). See i.e. *Alonso Vazquez v. Azoulay*, 834 F. App'x 653, 654 (2d Cir. 2021).

26. At all times relevant herein, Defendant did not provide Plaintiff with the statement(s) required by NYLL § 195(3) – the wage statements provided to Plaintiff did not contain all

hours worked by Plaintiff nor all wages earned among other deficiencies. See i.e. *Alonso Vazquez v. Azoulay*, 834 F. App'x 653, 654 (2d Cir. 2021).

27. Upon information and belief and at all times relevant herein, Defendant had annual revenues and/or expenditures in excess of $500,000.

28. Upon information and belief and at all times relevant herein, Defendant conducted business with vendors/entities/persons within the State of New York.

29. Upon information and belief, and at all times relevant herein, Defendant and Plaintiff utilized the instrumentalities of interstate commerce such as the United States mail, internet electronic mail, messaging, payroll application, timekeeping, websites and telephone/cellphone systems as a regular/daily part of the operation of Defendant and Plaintiff's employment with Defendant.

30. Upon information and belief and at all times relevant herein, Defendant utilized the goods, materials, and services through interstate commerce.

31. Defendants as a regular part of its business, made payment of taxes and other monies to agencies and entities outside the State of New York.

32. Upon information and belief, and at all relevant times herein, Defendant conducted business with mortgage companies, banks, insurance companies, and internet/email service providers within and outside the State of New York.

33. Defendant as a regular part of its business, engaged in credit card transactions involving banks and other institutions outside the state of New York.

34. Upon information and belief, and at all relevant times herein, Defendant failed to display federal and state minimum wage/overtime posters as required by the FLSA and NYLL (29 CFR 516.4; 12 NYCRR 142-2.8), and Defendant failed to notify Plaintiff of her federal and state minimum wage and overtime rights and failed to inform Plaintiff that she could seek enforcement of such rights through the government enforcement agencies. As such, equitable tolling applies in this case. See i.e. *Veltri v. Building Service 32B-J Pension Fund*, 393 F.3d 318, 324 (2d Cir. 2004); *Kim v. Kum Gang, Inc.,* No. 12 CIV. 6344 MHD, 2015 WL

2222438, at 33–34 (S.D.N.Y. Mar. 19, 2015).

35. The circumstances of Defendant's termination of Plaintiff's employment and other aspects and conditions of Plaintiff's employment are under review and investigation and Plaintiff may assert wrongful termination and other claims at a later time.

36. "Plaintiff" as used in this complaint refers to the named Plaintiff.

37. The "present" or the "present time" as used in this complaint refers to the date this complaint was signed.

**AS AND FOR A FIRST CAUSE OF ACTION**

**FAIR LABOR STANDARDS ACT - 29 U.S.C 201 et Seq. (Overtime wages)**

38. Plaintiff alleges and incorporates by reference the allegations in paragraphs 1 through 37 above as if set forth fully and at length herein.

39. At all times relevant to this action, Plaintiff was employed by Defendant within the meaning of the FLSA.

40. At all times relevant to this action, Plaintiff was engaged in commerce and/or in the production of goods for commerce and/or Defendant, constituted an enterprise(s) engaged in commerce within the meaning of 29 U.S.C. §§ 206, 207.

41. At all times relevant herein, Defendant transacted commerce and business in excess of $500,000.00 annually or had revenues in excess of $500,000.00 annually.

42. At all times relevant herein, Defendant failed and willfully failed to pay Plaintiff overtime compensation at rates not less than 1.5 times her regular rate of pay for each hour worked in excess of forty hours in a week, in violation of 29 U.S.C. § 207.

**Relief Demanded**

43. Plaintiff is entitled to recover from Defendant, her unpaid overtime wages, maximum liquidated damages, attorneys' fees, and costs of the action, pursuant to 29 U.S.C. § 216(b).

## AS AND FOR A SECOND CAUSE OF ACTION
### NYLL 650 et Seq. & 12 NYCRR § 142-2.2 (Overtime Wages)

44. Plaintiff alleges and incorporates by reference the allegations in paragraphs 1 through 42 above as if set forth fully and at length herein.

45. At all times relevant to this action, Plaintiff was employed by Defendant within the meaning of the New York Labor Law, §§ 2 and 651 and the regulations and wage orders thereunder.

46. At all times relevant herein, Defendant failed and willfully failed to pay Plaintiff overtime compensation at rates not less than 1.5 times her regular rate of pay for each hour worked in excess of forty hours in a work-week, in violation of the New York Minimum Wage Act and its implementing regulations and wage orders. N.Y. Lab. Law §§ 650 et seq., including 12 NYCRR § 142-2.2.

### Relief Demanded

47. Plaintiff is entitled to recover from Defendant, her unpaid overtime wages, prejudgment interest, maximum liquidated damages, reasonable attorneys' fees, and costs of the action, pursuant to N.Y. Labor L. § 663(1).

## AS AND FOR A THIRD CAUSE OF ACTION
### (NYLL § 191, 198 - Untimely Wage Payments)

48. Plaintiff alleges on behalf of herself and all others similarly-situated and incorporates by reference the allegations in paragraphs 1 through 47 above.

49. The class of similarly-situated individuals as to the third cause of action under the NYLL is defined as current and former employees who worked for the Defendant as manual workers within the State of New York and who: 1) were not paid their wages including their non-overtime and/or overtime wages weekly as also explained above, within at least the six-year period, preceding the filing of this complaint to the date of disposition of this action.

50. The class definition will be refined as is necessary, including after discovery if necessary.

51. Although the precise number of putative class members is unknown, and facts on which the calculation of that number is based are presently within the sole control of Defendant, upon

information and belief, there are over 200 members of the class during the class period.

52. Upon information and belief, the putative class is so numerous that joinder of all members is impracticable.

53. Upon information and belief, there are questions of law or fact common to the class – whether the putative class was paid wages weekly.

54. Upon information and belief, the claims of the representative party are typical of the claims of the class.

55. The representative party will fairly and adequately protect the interests of the class.

56. The Defendant has acted or refused to act on grounds generally applicable to the class, thereby making appropriate final injunctive relief or corresponding declaratory relief with respect to the class as a whole.

57. There are questions of law and fact common to the class which predominate over any questions solely affecting individual members of the class, including:

   (a) Whether Defendant failed and/or refused to pay the Plaintiff and the putative class members their wages weekly, as required by NYLL § 191(1) including NYLL § 191(1)(a)(i).

58. A class action is superior to other available methods for the fair and efficient adjudication of the controversy - particularly in the context of wage and hour litigation where individual plaintiffs lack the financial resources to vigorously prosecute a lawsuit in federal court against corporate Defendant and in light of the large number of putative class members.

59. At all times relevant to this action, plaintiff and all those similarly-situated as class members, were employed by Defendant within the meaning of the New York Labor Law, §§ 190 et Seq., including NYLL § 191(1)(a) and the regulations thereunder.

60. At all times relevant herein, Defendant failed to pay and willfully failed to pay Plaintiff and all

those similarly-situated as class members, their wages including overtime and non-overtime wages weekly, in violation of the NYLL § 191 including NYLL § 191(1)(a)(i).

### Relief Demanded

61. Due to Defendant's NYLL § 191 violations, Plaintiff, and all those similarly situated, are entitled to recover from Defendant, maximum liquidated damages, and interest on wages paid later than weekly, plus attorneys' fees, and costs of the action, pursuant to NYLL § 198.

### AS AND FOR A FOURTH CAUSE OF ACTION
### NYLL § 190, 191, 193, 195 and 198 – Unpaid and Withheld Wages

62. Plaintiff alleges and incorporates each and every allegation contained in paragraphs 1 through 61 above with the same force and effect as if fully set forth at length herein.

63. At all times relevant to this action, Plaintiff was employed by Defendant within the meaning of the New York Labor law, §§ 190 et seq., including §§ 191, 193, 195 and 198 and the applicable regulations thereunder.

64. At all relevant times herein, Defendant violated and willfully violated Plaintiff's rights under NY Labor Law § 190 et seq. including NY Labor Law §§ 191, 193 198 and 198-c, by failing to pay Plaintiff all her wages, including her unpaid overtime wages, wage deductions, as required under NY Labor Law § 190 et seq.

65. At all times relevant herein, Plaintiff was entitled to severance/separation pay from Defendant pursuant to the terms and conditions of her employment with Defendant, including Defendant's severance/separation plan/policy which Defendant was required to apply and implement in a fair, reasonable, equal, non-discriminatory and non-arbitrary manner.

66. At all times relevant herein, Defendant paid Plaintiff all her wages later than weekly - on a bi-weekly basis in violation of NYLL § 191 (1)(a)(i). See i.e. *Vega v. CM & Assocs. Constr. Mgmt., LLC*, 175 A.D.3d 1144, 107 N.Y.S.3d 286 (1st Dep't, 2019).

67. In addition, Plaintiff was required to pay certain expenses in the performance of her work for Defendant during the period of her employment. However, although Defendant reimbursed

Plaintiff for some of these costs and expenses incurred for Defendant's work, Defendant failed to reimburse Plaintiff for about at least $350 or more which constitutes an unlawful deduction under the FLSA and NYLL including NYLL § 193.

68. At all times relevant herein, Defendant failed and willfully failed to provide Plaintiff with the notice(s) required by NYLL 195(1) – Plaintiff is therefore entitled to and seeks to recover in this action the maximum recovery for this violation, plus attorneys' fees and costs pursuant to NYLL 198 including NYLL 198(1-b), as well as an injunction directing Defendant to comply with NYLL 195(1).

69. At all times relevant herein, Defendant failed and willfully failed to provide Plaintiff with the statement(s) required by NYLL 195(3) – Plaintiff is therefore entitled to and seeks to recover in this action the maximum recovery for this violation, plus attorneys' fees and costs pursuant to NYLL 198 including NYLL 198(1-d), as well as an injunction directing Defendant to comply with NYLL 195(1).

## Relief Demanded

70. Plaintiff is entitled to recover from Defendant, her entire unpaid wages, including her unpaid overtime wages, severance pay, wage deductions, maximum liquidated damages – including liquidated damages on all wages paid later than weekly, prejudgment interest, maximum recovery for violations of NYLL §195(1) and NYLL § 195(3), reasonable attorneys' fees, and costs of the action, pursuant to N.Y. Labor Law § 190 et seq. including § 198.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff respectfully requests that this Court grant the following relief:

71. Declare Defendant to be in violation of the Plaintiff's rights under the FLSA and New York Labor Law – 12 NYCRR § 142 and Article 6 of the NYLL – NYLL § 190 et Seq.

72. As to her **First Cause of Action**, award Plaintiff her unpaid overtime wages, maximum liquidated damages, reasonable attorneys' fees, and costs of the action, pursuant to 29 U.S.C. § 216(b).

73. As to her **Second Cause of Action**, award Plaintiff her unpaid overtime wages due under the

New York Minimum Wage Act and the Regulations thereunder including 12 NYCRR §§ 142-2.2, together with maximum liquidated damages, prejudgment interest, costs and attorney's fees pursuant to NYLL § 663;

74. As to the **Third Cause of Action**, order Defendant to pay Plaintiff and the class, interest thereon, maximum liquidated damages and interest, on all wages paid later than weekly, plus attorneys' fees, costs and disbursements pursuant to NYLL §§ 191, 198;

75. As to her **Fourth Cause of Action**, award Plaintiff any and all outstanding wages, including her entire unpaid overtime wages, severance pay, wage deductions, due under law, maximum liquidated damages – including liquidated damages on all wages paid later than weekly, prejudgment interest, maximum recovery for violations of NYLL § 195(1) and NYLL § 195(3), reasonable attorneys' fees, and costs of the action, pursuant to N.Y. Labor Law § 190 et seq. including § 198.

76. Award Plaintiff prejudgment interest on all monies due.

77. Award Plaintiff any relief requested or stated in the preceding paragraphs but which has not been requested in the WHEREFORE clause, in addition to the relief requested in the wherefore clause;

78. Award Plaintiff and all those similarly situated, such other, further and different relief in their favor, as the Court deems just and proper.

**Dated: Queens Village, New York**
       **September 30, 2023**

Abdul Hassan Law Group, PLLC

/s/ Abdul Hassan
By: Abdul K. Hassan, Esq. (AH6510)
*Counsel for plaintiff*
215-28 Hillside Avenue
Queens Village, NY 11427
Tel: 718-740-1000
Fax: 718-740-2000
Email: abdul@abdulhassan.com