**James J. Zawodzinski, Jr.**
Senior Associate
Direct Dial: 716.848.1595
jzawodzi@hodgsonruss.com

> Application for a stay denied without prejudice as premature. This matter was referred to mediation on October 23, 2023, and the mediation, which is scheduled for January 19, 2024, has not yet taken place. The Court expects the parties to participate in mediation in good faith. In the event the parties are unable to resolve this matter in mediation, plaintiff's opposition to defendant's motion to compel arbitration shall be filed by February 16, 2024; and defendant's reply shall be filed by March 4, 2024. The initial conference scheduled for February 13, 2024 is adjourned *sine die*.
>
> SO ORDERED.
>
> _____
> Philip M. Halpern
> United States District Judge
>
> Dated: White Plains, New York
>        January 5, 2024

<u>Via CM/ECF</u>

Honorable Philip M. Halpern
United States District Court, Southern District of New York
The Hon. Charles L. Brieant Jr. Federal Building
300 Quarropas St.
White Plains, NY 10601-4150

Dear Judge Halpern:

    Re: *Stephanie Chisholm v. Ciox Health, LLC*
       Case No.: 7:23-cv-08623

  We represent Defendant Ciox Health, LLC. This letter seeks to have the Court adjourn indefinitely the parties' Court-sponsored mediation presently scheduled for January 19, 2024, and stay any other pending deadlines.

  Ciox moved today to compel mediation and arbitration and to stay all pending deadlines based on a Dispute Resolution Agreement executed by the parties. *See* Dkt. Nos. 13-17. The Dispute Resolution Agreement requires Plaintiff to mediate and arbitrate her claims on an individual basis before the American Arbitration Association and no other forum. It appears that Plaintiff will oppose Ciox's motion given communications had this afternoon with the parties' Court-appointed mediator, Neal Eiseman, and Plaintiff's counsel. Ciox is concerned about continued participation in both the Court-sponsored mediation on January 19 and this litigation generally, as the Court lacks the authority to hear and opine on the matter under the Dispute Resolution Agreement and the Federal Arbitration Act. *See* Dkt. No. 15-1 (Dispute Resolution Agreement). This places Ciox in a difficult position to proceed to Court-sponsored mediation or litigate in this forum. Ciox remains willing to discuss resolution of Plaintiff's claims on an individual basis.[1]

  We appreciate the Court's guidance on this matter. Should the Court require anything additional, please contact me directly at (716) 848-1595.

              Respectfully submitted,

              James J. Zawodzinski, Jr.

---

[1] Plaintiff is unable to represent any class or collective whether in this forum or under the Dispute Resolution Agreement. *See* Dkt. No. 15-1 (Dispute Resolution Agreement) at pp. 2-3.