# Abdul Hassan Law Group, PLLC
## 215-28 Hillside Avenue
### Queens V...

**Abdul K. Hassan, Esq.**
Email: abdul@abdulhassan.com
*Employment and Labor Lawyer*

Via ECF

Hon. Philip M. Halpern, USDJ
United States District Court, SDNY
300 Quarropas St.
White Plains, NY 10601

---

> Motion granted. Having carefully reviewed the fairness letter as well as the executed proposed settlement agreement, the Court finds that all of the terms of the proposed settlement (including the allocation of attorneys' fees and costs) appear to be fair and reasonable under the totality of the circumstances (and in light of the factors enumerated in *Wolinsky v. Scholastic Inc.*, 900 F. Supp. 2d 332, 335 (S.D.N.Y. 2012)). *See Cheeks v. Freeport Pancake House*, 796 F.3d 199 (2d Cir. 2015). Accordingly, the proposed settlement is hereby approved. The Clerk of Court is respectfully directed to close this case.
>
> SO ORDERED.
>
> _/s/ Philip M. Halpern_
> Philip M. Halpern
> United States District Judge
>
> Dated: White Plains, New York
> March 5, 2024

---

<u>Re: Chisholm v. CIOX Health, LLC</u>
Case No. 23-CV-08623 (PMH)(VR)
**Motion for Settlement Approval**

Dear Judge Halpern:

     My firm represents plaintiff Stephanie Chisholm ("Plaintiff") in the above-referenced action, and I respectfully write to seek approval of the settlement in this action. Exhibit 1 is a copy of the settlement agreement signed by Plaintiff – a fully executed copy will be provided to the Court once Defendant formally signs. Exhibit 2 is a copy of the retainer agreement between Plaintiff and her counsel – the basis for the 1/3 fee in this case. Exhibit 3 are the receipts for the costs in this case.

     Plaintiff's claims in this action are more fully set forth in the complaint. (ECF No. 1). In essence, however, Plaintiff brought claims to recover unpaid overtime wages and liquidated damages under the FLSA and NYLL. Plaintiff also seeks to recover penalties for violation of the wage statement and wage notice requirements of NYLL.

     In general, allegations and facts are refined as information is exchanged in the case – this is especially true in wage cases where the employer has an obligation under the FLSA and NYLL to keep and maintain wage, time, and employment records. Moreover, the allegations and claims were further refined after extensive discussions, exchange of information before, and during the mediation conducted by a mediator from this Court's mediation panel.

     Based on the allegations in the complaint, Plaintiff is owed unpaid overtime wages of approximately \$30.00/hr. x 2.5hrs/wk. x 103wks =\$7,725. The central basis of the overtime wage claims consisted of meal break deductions where Plaintiff alleged that she did not receive a

1

bona fide meal break (29 C.F.R. § 785.18; 29 C.F.R. § 785.19) – claims which are heavily disputed. Defendants produced some records which purport to show no overtime hours wages owed.

Assuming Plaintiff prevails on her wage notice and wage statement violations she could be entitled to another $10,000 maximum ($5,000 each). The jurisprudence concerning these claims is unsettled and they are not covered by the FLSA. Plaintiff was provided with wage statements – there may be a technical dispute as to whether the wage statements were fully compliant.

It is Defendants' position that Plaintiff is not entitled to overtime wages, was compensated for all hours worked and that Defendant correctly deducted time for a meal break, etc. Defendant may also be able to avoid the imposition of liquidated damages – including liquidated damages on all wages paid later than weekly, if it proves a good-faith affirmative defense. Defendant also disputes the work hours and period of employment alleged by Plaintiff. In general Defendant denies Plaintiff's allegations.

The gross settlement amount between Plaintiff and Defendants is $24,500 inclusive of fees and costs which was recommended by the mediator. (See Ex. 1 ¶ 2). Under the settlement Plaintiff is due to receive $16,016 after a 1/3 contingency fee of $8,008 and costs ($477 – Ex. 3). (Ex. 1, ¶ 2(a-c)).

Under the settlement, Plaintiff's counsel is receiving a 1/3 contingency fee of $8,008 after reimbursement of $477 in costs consistent with the retainer agreement between Plaintiff and her counsel[1]. *Venegas v. Mitchell*, 495 U.S. 82, 89-90 (1990). See also *Fisher v. SD Prot. Inc.,* 948 F.3d 593 (2d Cir. 2020)(relying on "the text and purpose of the FLSA, as well as longstanding case law interpreting other similar fee-shifting statutes in the civil rights context," in applying the FLSA under Cheeks. – such longstanding case law includes the application of *Venegas* which holds that fees that a plaintiff owed his counsel is govern by the retainer agreement and not by statutory fee-shifting provisions).

---

[1] See *Venegas v. Mitchell*, 495 U.S. 82, 89-90 (1990). Plaintiff' Counsel's retainer rate is $600 and the retainer agreement with Plaintiff states in relevant part as follows:

The amount of Attorney's contingency fee will be the greater of:
(a) A reasonable percentage fee which is one-third (1/3) of all sums recovered on Client's behalf; or

(b) A reasonable hourly fee which is the amount of Attorney's hourly rates as laid out below times the number of hours spent by the Attorney on Client's behalf; or

(c) A separate recovery of fees such as where a court or other tribunal awards attorney's fees or where a defendant(s) settles a demand for fees.

See also *Brown v. Starrett City Associates*, 2011 WL 5118438, 8 (E.D.N.Y.), the court, citing *Venegas*, also noted that even when a court makes a lodestar fee award, "The award is then subject to whatever private contractual agreement exists between plaintiff and his or her counsel." While time is still accruing, the hourly retainer fees exceed the 1/3 contingency fee Plaintiff's counsel is due to receive in this case.

Plaintiff's counsel has received similar or higher legal fees in other FLSA settlements approved by courts. See *Bynum v. Pasenti Inc et al*, 21-CV-04817 (Judge Halpern SDNY, June 1, 2022)(approving 1/3 fee of about $9,611 under Cheeks); *De Los Santos v. El Valle 794 Rest., Corp. et al*, 19-CV-11019 (Judge Cronan SDNY, March 4, 2022)(approving 1/3 fee of about $8,000 under Cheeks); *Udom v. Institute for Community Living Inc.,* Case No. 21-CV-03717 (Judge Cronan SDNY, February 9, 2022)(approving 1/3 fee of about $13,176 under *Cheeks*); *Kevin Lynch v. Consolidated Edison, Inc.*, Case No. 16-CV-1137, ECF No. 37 (Judge Furman - approving 1/3 fees of $14, 826 under *Cheeks*)("the Court sees no basis to reduce the fee where, as here, there are no opt-in plaintiffs, the case is not a collective action, and the attorney's fee award is based on an agreement between Plaintiff and his attorney."); *Hixholli v. Aqua* 3065 GC LLC et al, Case Number 19-CV-05654 (Judge Netburn - SDNY, November 25, 2019)(Approving a 1/3 contingency fee of about $15,000 under *Cheeks*); *Knights v. Novitex Enterprise Solutions, Inc. et al*, 17-CV-9359, ECF No. 43, (Magistrate-Judge Netburn - August 30, 2018)(Approving a 1/3 contingency fee of about $15,000 under *Cheeks*).

Therefore, it is respectfully requested that this Honorable Court approve the settlement agreement as fair and reasonable under the FLSA and *Cheeks*.

We thank the Court in advance for its time and consideration.

Respectfully submitted,

Abdul Hassan Law Group, PLLC

/s/ Abdul Hassan
By: Abdul K. Hassan, Esq. (AH6510)
*Counsel for Plaintiff*

**cc:** **Defense Counsel via ECF**